IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER AMERSON, | : | |
| Plaintiff, | : | |
| VS. | : | CASE No. 5:15-CV-8-MTT-MSH |
| BRIAN OWENS, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Plaintiff Christopher Amerson, who is confined at the Hancock State Prison in Sparta, Georgia, filed a lawsuit pursuant to 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* ("IFP") (ECF No. 2), a motion to appoint counsel (ECF No. 3), and a motion for injunctive relief (ECF No. 4). As explained below, the Court is unable at this time to rule on Plaintiff's motion to proceed IFP. Plaintiff is consequently directed to file a certified copy of his trust account statement. Additionally, Plaintiff is directed to recast his complaint in compliance with this Order. Finally, Plaintiff's motion to appoint is denied and it is recommended that Plaintiff's motion for injunctive relief be denied.

## DISCUSSION

**I.    Motion to Proceed IFP—Trust Account Statement**

Federal law requires a prisoner proceeding *in forma pauperis* to submit both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund

account statement (or institutional equivalent) . . . for the 6-month period *immediately* preceding the filing of the complaint." 28 U.S.C. § 1915(a) (emphasis added).  Plaintiff failed to provide a certified copy of his trust account statement along with his motion to proceed IFP.  He is thus **ORDERED** to file a certified copy of his trust account statement within twenty-one (21) days.

## II.     Complaint

Plaintiff is **DIRECTED** to recast his complaint on the standard § 1983 forms.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights.  Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legal language.  If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.  Likewise, if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.  **The recast complaint will <u>supersede and replace</u> the original complaint filed in this case.**

## III.    Motion for Appointment of Counsel

As to Plaintiff's motion for appointment of counsel, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."  However, there is "no absolute constitutional right to the appointment of

counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims and the Court will determine whether Plaintiff's allegations support a colorable legal claim. This process is routine in *pro se* prisoner actions and therefore "exceptional circumstances" justifying appointment of counsel do not exist. Accordingly, Plaintiff's motion (ECF No. 3) is **DENIED**.

## IV. Motion for Temporary Restraining Order

Plaintiff filed a motion for a temporary restraining order ("TRO") wherein he seeks an order enjoining the Defendants from retaliating against him for filing grievances regarding their denial of access to the courts, their refusal to grant protective custody, their refusal of supplies, and their sharing of information contained in his grievances with staff and fellow inmates. (Mot. for TRO 1, ECF No. 4.) Injunctive relief such as a temporary restraining order is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

Plaintiff's motion fails to show that the "extraordinary and drastic remedy" of injunctive relief is warranted in this case. At a minimum, he fails to satisfy the first two prerequisites for this Court to grant a preliminary injunction. Plaintiff has not demonstrated that he is substantially likely to succeed on the merits of his underlying claims. In order to overturn a prison official's judgment with respect to security or administrative matters, a prisoner must provide "*substantial* evidence in the record to indicate that the officials have exaggerated their response to [security or administrative] considerations, courts should ordinarily defer to their expert judgment in such matters." *Bell v. Wolfish*, 441 U.S. 520, 549 n.23 (1979) (emphasis added). Plaintiff has failed to provide such substantial evidence here.

Plaintiff has also failed to demonstrate that a preliminary injunction is necessary to prevent some irreparable injury. To satisfy the irreparable injury requirement, Plaintiff must both identify an irreparable injury that he will suffer if the injunction does not issue and show that the threat of injury is "neither remote nor speculative, but actual and imminent." *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). Injunctive relief cannot be granted based on a mere perceived or suspected threat of harm. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005); *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1302-03 (11th Cir. 2007). Again, Plaintiff provides only unsupported allegations in his motion, and if a constitutional violation has occurred, he would have an adequate remedy at law in this Court.

For the above reasons, the undersigned finds that Plaintiff has failed to satisfy the prerequisites necessary for injunctive relief. It is **RECOMMENDED** that Plaintiff's motion for a temporary restraining order be **DENIED**. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within fourteen (14) days after being served with a copy hereof.

## CONCLUSION

Plaintiff shall have twenty-one (21) days from the date of this Order to file his trust account statement and recast complaint using the Court's standard § 1983 form. The Clerk of Court is **DIRECTED** to forward the Court's § 1983 form to Plaintiff. While this action is pending, Plaintiff shall immediately inform the Court in writing of any change in his mailing address. If Plaintiff decides that he no longer wishes to proceed with this action, he must so notify the Court. *See* Fed. R. Civ. P. 41(a). Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of his complaint.

SO ORDERED and RECOMMENDED, the 13th day of January, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE